UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:_____

VIERGELIE ELISMA, an individual,

      Plaintiff,

vs.

HARBOR RETIREMENT ASSOCIATES, LLC
d/b/a HARBOR CHASE OF VENICE, a
Florida limited liability company,

      Defendant.
_____:

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff, VIERGELIE ELISMA, [Hereinafter "ELISMA"], by and through the undersigned attorney, alleges the following against Defendant, HARBOR RETIREMENT ASSOCIATES, LLC D/B/A HARBOR CHASE OF VENICE, [Hereinafter, "HARBOR CHASE"], a Florida limited liability company, and states, to wit:

### INTRODUCTION

2.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, et seq.). The jurisdiction of this Court is invoked to secure protection of and redress the deprivation of rights guaranteed by federal law involving discrimination in employment.

### JURISDICTION AND VENUE

3.    This is an action which arises under Title VII of the Civil Rights Act of 1967 as amended, (42 U.S.C. 2000 et seq.).

4.      Jurisdiction is founded on 42 USC 2000e-5(f)(3) and USC 1331 (Federal Question).

5.      Venue is proper in the Middle District of Florida pursuant to 42 USC 2000e-5(f)(3) Title VII "Venue"; and 28 USC 1391(b) and ( c) (Venue generally).

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6.      Plaintiff, VIERGELIE ELISMA, timely filed with the Equal Employment Opportunity Commission, ("EEOC"), a charge of discrimination against Defendant, HARBOR CHASE, and received a notice of the right to sue from EEOC within ninety (90) days of the filing of this Complaint.  A copy of the Plaintiff's Notice of Right to Sue Letter issued by the EEOC is attached as Exhibit 1.

## PARTIES

7.      At all times material to this action, Plaintiffs, ELISMA, is/was a resident(s) of Charlotte County, Florida, is over the age of 18, and is otherwise sui juris.

8.      At all relevant times, Defendant, HARBOR CHASE, is a Florida for-profit corporation and authorized to do business in Florida, and conducts business from its offices that are located in and throughout Charlotte County, Florida.

9.      At all relevant times, Defendant, HARBOR CHASE, was/is engaged in an industry affecting commerce.

10.     At all relevant times, Defendant, HARBOR CHASE, employed Plaintiff, ELISMA, within the meaning of 42 U.S.C. 2000e-(b).

11.     Defendant, HARBOR CHASE, engaged in policies and practices which are/were willfully, intentionally and unlawfully discriminating against Plaintiff on basis of their race (Black) and their national origin/descent (Haitian-American).

### CLAIMS OF PLAINTIFF ELISMA
### COUNTS I & II

#### COUNT I

#### RACE DISCRIMINATION UNDER TITLE VII
#### AGAINST THE HARBOR CHASE

12. Plaintiff, VIERGELIE ELISMA, sues Defendant, HARBOR CHASE, and re-alleges paragraphs 1 through 11, as if fully set forth herein, and are incorporated by this reference.

13. Plaintiff, ELISMA, is Black, female and of Haitian-African descent and ancestry, as well as of Haitian nationality, protected under Title VII (42USC §2000(e)(b)).

14. Defendant, HARBOR CHASE, is an employer within the meaning of Title VII. Moreover, at all times material hereto, March 2017, Plaintiff, ELISMA, is/was employed by Defendant, HARBOR CHASE, as a Certified Nursing Assistant ("CNA") at the Defendant's location at Venice, Florida, which is in Charlotte County. During this time, Plaintiff and other Haitian employees have been subjected to unfair discipline and harassment.

15. Plaintiff's duties required her to work with other nurses, i.e., LPNs, RNs, and other CNAs. Moreover, Plaintiff's work duties and responsibilities further involved routine and regular interactions with patients and co-workers.

16. On or about October 2018, Defendant fired Frankie Philips, a Black Director Of Nursing (D.O.N.), and it hired a new D.O.N., to replace the fired Mr. Philips. The new D.O.N is White. Shortly after her hiring of as the new D.O.N., she vowed to get rid of all Black and Haitian CNAs and replace them with Hispanic and White CNA's.

17. At the time the new D.O.N. was hired, there were five (5) Haitian CNAs working for

Defendant at its Venice, FL location. One of the Haitian CNAs was forced to resign while two others were fired by Defendant.

18. On or about November 31, 2018, Defendant placed Plaintiff on suspension under the pretext that Plaintiff had abused a patient. Defendant claimed that the alleged abuse was witnessed by co-workers. Plaintiff requested a copy of the abuse complaint, but her request was denied. Plaintiff was suspended pending a complete investigation of an incident with a patient. However, Defendant fired Plaintiff on or about December 06, 2018 without asking the Plaintiff a second question as to the alleged incident.

19. Plaintiff even asked management to call the "1-800" Abuse Hotline since Defendant's alleged investigation revealed that Plaintiff had concluded that she (Plaintiff) had in fact abused a patient. Management's response to Plaintiff's request was that it could not do that. Based on Management's responses, Plaintiff believed that she was fired for no other reason than her race, Black.

20. Defendant's human resources department did not a conduct or complete an investigation as to the alleged claims of patient abuse being made against Plaintiff, and in so doing, Defendant denied Plaintiff's due process. Plaintiff was never interviewed by anyone from Defendant's human resource office. Plaintiff believed that Defendant's human resource department would or should have acted as a neutral arbitrator concerning the alleged patient abuse accusation that was made against Plaintiff, such was not the case. Instead, Defendant engaged in racial discrimination against Plaintiff when she was terminated.

21. Since the time that new Director of Nursing was hired, Plaintiff noticed a higher, disproportionate rate of employment termination among Black nurses, Black CNA's, and particularly Black nurses and CNA's of Haitian nationality, ancestry and/or descent. During the

term of Defendant's new Director of Nursing, Plaintiff noticed that at least three (3) nurses and CNAs, all Black and of Haitian birth or descent, were terminated for "no cause", but simply because of their race, skin color and national origin; moreover, these terminated employees went on to be replaced by newly-hired equivalent employees, (Nurses and/or CNAs), all of whom were/are White and Hispanic, and of non-Haitian nationality or descent.

22.     Plaintiff also noticed that during her employment at HARBOR CHASE, under the direction of the new Director of Nursing, a practice or pattern of behavior took place whereby White and Hispanic Nurses and CNAs would mostly speak to and interact with only other White and Hispanic Nurses and CNAs, and would at the same time fail to acknowledge the presence of Plaintiff and other employees in and about the same vicinity who were Black or of Haitian nationality and descent.  The new D.O.N. seemed to favor non-Blacks and non-Haitians in her social and professional interactions while at work, causing Plaintiff, ELISMA, to feel excluded, insecure, and second-tier as a person and as an employee.

23.     Defendant, HARBOR CHASE, intentionally discriminated against Plaintiff, ELISMA, because of her race (she is Black, dark skinned and speaks English with an obvious accent), in violation of Title VII, by engaging in the following discriminatory acts:

   i.)     Suspending Plaintiff for no apparent reason and over circumstances over which Plaintiff had no control over; and ultimately terminating Plaintiff's employment, on or about December 06, 2018, without giving the Plaintiff an opportunity to present his case and without Defendant's having conducted a complete investigation on the matter;

   ii.)    Subjecting Plaintiff to different (and less favorable) treatment and conditions of employment under the new Director of Nursing, when compared to the treatment

        and conditions of employment affecting Non-Black and Non-Haitian co-workers. Plaintiff was being documented and reprimanded for petty things that other CNAs would not have been documented for. These other CNAs were similarly situated but not members of Plaintiff's protected class: "Black".

    iii.) Disciplining Plaintiff more harshly and unfairly than the other similarly situated CNAs for Plaintiff's alleged altercation with co-workers;

    iv.) Denying Plaintiff her benefits, such as accumulated paid time off and vacation, to which the Plaintiff was entitled;

### DAMAGES

24. As a direct and proximate result of Defendant's conduct, Plaintiff, VIERGELIE ELISMA suffered the following injuries and damages:

    a. Plaintiff was terminated from employment with Defendant. Although Plaintiff has diligently sought other employment, she has not been able to find a job. In addition, Plaintiff has incurred expenses in seeking other employment;

    b. Plaintiff suffered mental anguish and emotional distress.

**WHEREFORE,** Plaintiff, VIERGELIE ELISMA prays that this Court:

    a. Advance this case on the docket;

    b. Assign this case for hearing at the earliest practicable date and cause this case to be in every way expedited pursuant to 42 U.S.C. § 2000e-5(f)(5);

    c. Issue a declaratory judgment that Defendant's practices toward Plaintiff violated her rights under Title VII;

    d. Enjoin Defendant, its administrators, directors and supervisors from continuing or maintaining the policy, practice, or custom of denying,

        abridging, withholding, or conditioning the rights of employees on the basis of their race and national origin, which rights are secured by Title VII;

   e.    Order Defendant to remedy the race and national origin discrimination against Plaintiff by:

       1.    Paying appropriate back pay;

       2.    Paying prejudgment interest;  and

       3.    Providing any other relief that this Court deems appropriate;

   f.    Enter a judgment against Defendant for compensatory damages;

   g.    Enter a judgment against Defendant for punitive damages; and

   h.    Enter a judgment against Defendant for costs and a reasonable award of attorneys' fees pursuant to Title VII.

**COUNT II**
**NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII**
**AGAINST HARBOR CHASE**

25.    Plaintiff, VIERGELIE ELISMA, sues Defendant, HARBOR CHASE, and re-alleges paragraphs 1 through 11, as if fully set forth herein, and are incorporated by this reference.

26.    Plaintiff, VIERGELIE ELISMA, is a Black female of Haitian-African descent and ancestry, protected under Title VII (42USC §2000(e)(b)).

27.    Defendant, HARBOR CHASE, is an employer within the meaning of Title VII. Moreover, at all time material hereto, Plaintiff, ELISMA is/was employed by Defendant, HARBOR CHASE, as a Certified Nursing Assistant at Defendant's Venice location in Charlotte County, Florida.

28. Defendant, HARBOR CHASE, intentionally discriminated against Plaintiff, ELISMA, because of her national origin, ancestry or descent (Haitian-American), in violation of Title VII, by engaging in the following discriminatory acts:

    i) Suspending the Plaintiff in connection with an incident that Plaintiff had no control over (or involvement in) but which incident was pretextually used to terminate Plaintiff's employment on or about December 06, 2018, without giving the Plaintiff an opportunity to present her case and without having conducting a complete investigation on the matter.

    ii) Subjecting Plaintiff to different (and less favorable) treatment and conditions of employment under the new D.O.N when compared to the treatment and conditions of employment affecting Non Black and Non-Haitian co-workers. Plaintiff was being documented and reprimanded for petty things that other CNAs would not have been documented for. These other CNAs were similarly situated but not members of Plaintiff's protected class (African American of Haitian origin/ ancestry/descent).

    iii) Disciplining Plaintiff more harshly and unfairly than the other similarly situated CNAs for Plaintiff's alleged altercation with a coworker which (allegation of said altercation) was not true but instead a product of contrived fiction;

    iv) Denying Plaintiff benefits, such as accumulated paid time off and vacation, to which the Plaintiff was entitled;

**DAMAGES**

29. As a direct and proximate result of the Defendant's conduct, Plaintiff, VIERGELIE ELISMA suffered the following injuries and damages.

    a.    Plaintiff was terminated from employment with Defendant. Although Plaintiff has diligently sought other employment, he has not been able to find a job. In addition, Plaintiff has incurred expenses in seeking other employment.

    b.    Plaintiff suffered mental anguish and emotional distress.

**WHEREFORE,** Plaintiff, VIERGELIE ELISMA, prays that this Court:

    a.    Advance this case on the docket;

    b.    Assign this case for hearing at the earliest practicable date and cause this case to be in every way expedited pursuant to 42 U.S.C. § 2000e-5(f)(5);

    c.    Issue a declaratory judgment that Defendant's practices toward Plaintiff violated his rights under Title VII;

    d.    Enjoin Defendant, its administrators, directors and supervisors from continuing or maintaining the policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their national origin, which rights are secured by Title VII.

    e.    Order Defendant to remedy the National Origin discrimination against Plaintiff by:

        1.    Paying appropriate back pay;

        2.    Paying prejudgment interest; and

        3.    Providing any other relief that this Court deems appropriate.

    f.    Enter a judgment against Defendant for compensatory damages;

    g.    Enter a judgment against Defendant for punitive damages; and

  h.  Enter a judgment against Defendant for costs and a reasonable award of attorneys' fees pursuant to Title VII.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all counts and issues so triable by a jury as a matter of right.

Respectfully submitted on this 11th day of June, 2019.

**Law Offices of James Jean-Francois, P.A.**
6100 Hollywood Blvd. Ste. 211
Hollywood, FL 33024
Phone: (954) 987-8832
Fax:   (954) 987-2622
E-mail address: Primary: *jamesjeanfrancoisesq@hotmail.com*
       Secondary: *jjonlaw@hotmail.com*

By: /s/ *James Jean-Francois*
 **JAMES JEAN-FRANCOIS, ESQ**.
 Fla. Bar # 0495115
 Attorney for Plaintiff